**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE**

|  |  |
|---|---|
| INTERNATIONAL PURCHASING AND SUPPLY CHAIN MANAGEMENT INSTITUTE LLC, |  |
| Plaintiff, |  |
| v. | C.A. No. 24-_____ |
| INTERNATIONAL PROCUREMENT AND SUPPLY CHAIN MANAGEMENT INSTITUTE LLC, |  |
| Defendant. |  |

**COMPLAINT**

Plaintiff International Purchasing and Supply Chain Management Institute LLC ("IPSCMI" or "Plaintiff") in this action against Defendant, International Procurement and Supply Management Institute LLC ("Procurement" or "Defendant") alleges as follows:

**NATURE OF THE ACTION**

1.       IPSCMI brings this action for false designation of origin and unfair competition under the Lanham Act, 15 U.S.C. §§ 1051 *et seq.*, violation of the Delaware Deceptive Trade Practices Act, 6 *Del. C.* §§ 2531-2536, and under corresponding state law, to stop Defendant's violations of IPSCMI's rights in its marks.

**PARTIES**

2.       IPSCMI is organized under the laws of Delaware with a registered agent at 16192 Coastal Highway Lewes, Delaware 19958.

3.       Defendant is organized under the laws of Delaware with a registered agent at 16192 Coastal Highway Lewes, Delaware 19958.

## JURISDICTION AND VENUE

4.      This Court has jurisdiction over the claims pursuant to 15 U.S.C. § 1121 and

28 U.S.C. § § 1331 and 1338.  This Court has supplemental jurisdiction over the state law claims

pursuant to 28 U.S.C. § 1367.

5.      This Court has jurisdiction over Defendant, because Defendant is organized under

the laws of Delaware and has committed acts within and outside Delaware giving rise to this

action and has maintained minimum contacts with this forum such that the exercise of

jurisdiction over Defendant would not offend traditional notions of fair play and substantial

justice.

6.      Venue is appropriate in this Court, pursuant to 28 U.S.C. § 1391.

## FACTS

**Plaintiff**

7.      Plaintiff is a professional certification institute well-known in the United States

and globally.  In 2004, Plaintiff launched its supply chain certifications of Certified International

Supply Chain Professional (CISCP) and Certified International Supply Chain Manager

(CISCM), which are the first certifications of their kind.

8.      Plaintiff's purchasing and supply chain management courses and programs are

provided in the United States and abroad by a network of alliance partners which contract with

Plaintiff to conduct Plaintiff's programs.  To date, Plaintiff has established alliance partner

relationships with more than 50 organizations worldwide and has certified more than 60,000

students from 62 countries.

9.      Since at least 2005, Plaintiff has used the marks INTERNATIONAL
PURCHASING AND SUPPLY CHAIN MANAGEMENT INSTITUTE and IPSCMI
("Plaintiff's IPSCMI Marks") in business.

10.     As a result of continued operation in the marketplace since 2005, students and
alliance partners within the relevant industries perceive Plaintiff's IPSCMI Marks, and Plaintiff's
Certification Marks discussed herein, to be associated with high-quality instruction and
certification.

11.     Plaintiff maintains a website at www.ipscmi.org ("Plaintiff's .ORG domain"),
providing students and alliance partners with information about its certifications and programs.
Plaintiff's website employs a blue and white color theme.  The website provides a U.S. telephone
number with a Delaware ("302") area code accompanied by an admin@ipscmi.org email address
in the site header



and further identifies Plaintiff's address as "16192 Coastal Highway Lewes, Delaware 19958,
USA" in the site footer as shown in the image below.



12.    Plaintiff's website includes an "About IPSCMI" description in a sans serif typeface using white letters on a dark blue background with a light blue bar below the heading:



The text reads: "IPSCMI is a prestigious and leading professional institute offering purchasing and supply chain management certifications throughout the world in all modes of instruction, including conventional public seminars, online courses, in-house seminars."  This description is repeated on pages across Plaintiff's website.

4

13.    Plaintiff maintains an electronic presence using Plaintiff's IPSCMI Marks on online communities and platforms including: LinkedIn (as "IPSCMI" at https://www.linkedin.com/company/the-international-purchasing-and-supply-chain-management-institute/), and Facebook (as "International Purchasing and Supply Chain Management Institute-IPSCMI" at https://www.facebook.com/International-Purchasing-and-Supply-Chain-Management-Institute-IPSCMI-103107931604733).

14.    Plaintiff maintains supply chain management certification programs that include: Certified International Supply Chain Professional (CISCP, Level 1); Certified International Supply Chain Manager (CISCM, Level 2); and Certified International Supply Chain Consultant (CISCC, Level 3).

15.    Plaintiff maintains purchasing management certification programs that include: Certified International Purchasing/Procurement Professional (CIPP, Level 1); Certified International Purchasing/Procurement Manager (CIPM, Level 2); and Certified International Purchasing/Procurement Consultant (CIPC, Level 3).

16.    Plaintiff maintains other certification programs that include: Certified International Commercial Contracts Manager (CICCM); Certified International Professional Negotiator (CIPN); Certified International Trade, Shipping & Logistics Professional (CITLP); Certified International Sourcing Manager (CISM); Certified International Warehouse and Inventory Manager (CIWIM); Certified Manager of Production Operation (CMPO); Project Management Professional in Procurement and Contracting (PMPPC); and Certified International Category Manager (CICM).

17.    To designate Plaintiff's certifications and to identify Plaintiff as the source of the certifications, Plaintiff presently uses numerous certification marks that include: CISCP, CISCM,

CISCC, CIPP, CIPM, CIPC, CICCM, CIPN, CITLP, CISM, CIWIM, CMPO, PMPPC, and CICM ("Plaintiff's Certification Marks").  Plaintiff also uses its Name Marks and Certification Marks (collectively, "Plaintiff's Marks") in concert to designate Plaintiff as the source of its certifications.

**<u>Defendant</u>**

18.     Defendant was organized in Delaware in October 2023.

19.     Beginning at least in May 2024, Defendant has operated websites at www.ipscmi.com and www.ipscmi.us ("Defendant's .COM and .US Domains").

20.     On these websites at Defendant's .COM and .US Domains, Defendant uses INTERNATIONAL PROCUREMENT & SUPPLY CHAIN MANAGEMENT INSTITUTE, INTERNATIONAL PROCUREMENT AND SUPPLY CHAIN MANAGEMENT INSTITUTE, and the initialism IPSCMI as marks ("Defendant's Name Marks").  These websites employ a blue and white color theme similar to Plaintiff's website.  These websites state that Defendant "an official and top professional institute, provides procurement and supply chain management certifications globally in various instructional methods, including traditional public seminars, online courses, and in-house seminars."

21.     Defendant's websites provide a U.S. telephone number with a Delaware ("302") area code accompanied by an email address: admin@ipscmi.us in the site header



and further identifies Defendant's address as "16192 Coastal Highway Lewes, Delaware 19958, USA" in the site footer as shown in the image below.



22.     The footer of Defendant's website includes an "IPSCMI" heading with a description of Defendant's organization that is substantially similar to the "About IPSCMI" heading in the footer of Plaintiff's website.  Moreover, the description on Defendant's website is in a nearly identical sans serif typeface using white letters on a dark blue background with a light blue bar below the heading:



The text reads: "IPSCMI, an official and top professional institute, provides procurement and supply chain management certifications globally in various instructional methods, including traditional public seminars, online courses, and in-house seminars."  This description is substantially similar to the "About IPSCMI" description on Plaintiff's website – with words

replaced with synonyms but with the overall structure and content remaining the same. Defendant's "IPSCMI" description is repeated on pages across Defendant's website.

23.     Since at least May, 2024, Defendant has maintained an electronic presence using Defendant's Name Marks on online communities and platforms including: LinkedIn (as "IPSCMI Official" at https://www.linkedin.com/company/ipscmi-official), Twitter or X (as "IPSCMI" at https://twitter.com/ipscmi), and Facebook (as "IPSCMI" and "Ipscmi" at https://www.facebook.com/ipscmi.official) ("Defendant's Social Media Presence").  As of September, 2024, Defendant's LinkedIn account has 772 followers, and Defendant's Facebook account has 7.6K followers and 2.1K "likes."

24.     Despite being in business for less than one year, Defendant's website includes "success stories from our certified professionals" detailing events from over a longer timeframe. For example, one testimonial from "Chloe, Supply Chain Manager" states "After receiving my CISCM certification from IPSCMI, I received three job promotions within a year—a testament to its value in our industry."  Another testimonial identifying "Janet, Operations Director" states "Within six months of obtaining my CMPO certification from IPSCMI, I was promoted to a senior management role, overseeing a team of 20+ professionals."

25.     Moreover, despite Defendant's website claim to having been formed in 2023, Defendant's website states that Defendant "is accredited by the Accreditation Council for Continuing Education and Assessment (ACCEA), a leader in educational excellence."  The website displays a July 2023 Certificate of Accreditation from ACCEA for "Procurement and Supply Chain Certifications."  Defendant's website describes its certifications as "Globally Recognized".

26.     Defendant's website states that Defendant maintains supply chain management certification programs that include: Certified International Supply Chain Professional (CISCP) and Certified International Supply Chain Manager (CISCM).

27.     Defendant's website includes a testimonial that suggests that an individual can get a "CISCM certification from IPSCMI" through Defendant.

28.     Defendant's website states that Defendant maintains purchasing management certification programs that include: Certified International Procurement  Professional (CIPP) and Certified International Procurement Manager (CIPM).

29.     Defendant's website states that Defendant maintains other certification programs that include: Certified International Commercial Contracts Manager (CICCM); Certified International Professional Negotiator (CIPN); Certified International Trade, Shipping & Logistics Professional (CITLP); Certified International Sourcing Manager (CISM); Certified International Warehouse and Inventory Manager (CIWIM); Certified Manager of Production Operation (CMPO); Project Management Professional in Procurement and Contracting (PMPPC); and Certified International Category Manager (CICM).

30.     Defendant's website includes a testimonial which suggests that an individual can obtain a "CMPO certification from IPSCMI" through Defendant.  Another testimonial states that an individual obtained a "CISM-IPSCMI certification" from Defendant.

31.     In conjunction with the above certification programs, Defendant uses the following certification marks that are identical to the marks used by Plaintiff: CISCP, CISCM, CIPP, CIPM, CICCM, CIPN, CITLP, CISM, CIWIM, CMPO, PMPPC, and CICM ("Defendant's Certification Marks").

32.     To summarize, Defendant represents itself using Defendant's Name Marks, which are nearly identical to Plaintiff's IPSCMI Marks.  Defendant uses an identical Lewes, Delaware address to Plaintiff.  Defendant's website and email traffic originate from Defendant's .COM and .US Domains, which are nearly identical to Plaintiff's .ORG Domain.  Defendant's website has a look, feel, colors, and organization that is identical to Plaintiff's website.  The copy on Defendant's website is substantially similar to the copy on Plaintiff's website.  Defendant offers purchasing/procurement and supply chain management certifications under Defendant's Certification Marks that are identical to Plaintiff's Certification Marks.  And Defendant's Social Media Presence links to, and repeats, Defendant's Name Marks, Defendant's .COM and .US Domains, and Defendant's Certification Marks.  These acts either individually or collectively demonstrate that Defendant has willfully and intentionally created a likelihood of confusion as to the affiliation, connection, or association as to the origin of Defendant's services, training, and certifications.

**Defendant's acts**

33.     Defendant's copying of Plaintiff's IPSCMI Marks, .ORG Domain Name, website look, feel, colors, and organization, and Certification Marks demonstrates knowing, intentional, willful, and exceptional conduct as described herein.

34.     In May 2024, an individual acting on behalf of Defendant and using the aforementioned admin@ipscimi.us email address contacted a number of instructors for Plaintiff's certification courses and individuals at Plaintiff's alliance partners about providing certification services under Defendant's Name Marks, Defendant's Certification Marks, and Defendant's .COM and .US Domains as an alternative to certification under Plaintiff's Certification Marks provided from Plaintiff's .ORG Domain.

35.     As a result of these contacts, and the confusing similarities between Plaintiff's IPSCMI and Certification Marks and Defendant's Name Mark and Defendant's Certification Marks, Plaintiff's instructors and alliance partners contacted Plaintiff to express confusion about the source of the emails and the source of the certification programs offered.  These individuals were confused as to whether Defendant and Plaintiff were the same organization or whether Defendant was affiliated with Plaintiff.

36.     At times after May 2024, at least one of Plaintiff's alliance partners have told one or more students enrolled in Plaintiff's programs that the students have a choice between using Plaintiff's website (ipscmi.org) or Defendant's website (ipscmi.us) to take certification examinations.

37.     Also at times after May 2024, at least one student previously certified in Plaintiff's programs has taken a certification examination offered by Defendant at Defendant's website (ipscmi.us).

38.     On July 15, 2024, Plaintiff sent Defendant a cease and desist letter, demanding that Defendant cease all activities infringing Plaintiff's Marks.

39.     On July 25, 2024, an individual identifying herself as "Michelle Machado, IPSCMI | Partnership Manager," sent Plaintiff an email acknowledging receipt of and responding to Plaintiff's cease and desist letter.

40.     Since July 2024, Defendant has continued to contact Plaintiff's alliance partners and students via email to offer purchasing/procurement and supply chain management certifications.  For example, Defendant has sent marketing offers to individuals holding Plaintiff's certifications, offering "Exclusive Lifetime Certifications".  As a result of these mailings, students and alliance partners continue to contact Plaintiff because they are confused as

to whether Defendant and Plaintiff are the same organization, Defendant's certifications are the same as Plaintiff's, and/or if the emails are false or fraudulent.

## COUNT I: FALSE DESIGNATION OF ORIGIN

41.     Plaintiff repeats and realleges the previous allegations set forth above with the same force and effect as if set forth fully herein.

42.     Plaintiff uses its IPSCMI Marks, Certification Marks, and .ORG Domain as described above to identify Plaintiff as the origin of the underlying programs and certifications it provides.

43.     Defendant's use of its Name Marks, Certification Marks, .COM and .US Domains, and/or Social Media Presence in connection with certification programs and services as described above is intended to and likely to cause confusion, or to cause mistake, or to deceive as to the affiliation, connection, or association as to the origin of Defendant's services by another person and constitutes the use in commerce of false designations of origin, in violation of Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a).

44.     As a result of Defendant's actions, Plaintiff has been and will be damaged by Defendant's use of its Name Marks, Certification Marks, .COM and .US Domains, and/or Social Media Presence in connection with certification programs and services.

45.     Plaintiff's remedy at law is inadequate to prevent Defendant's continuing wrongful conduct.

## COUNT II: DELAWARE DECEPTIVE TRADE PRACTICES

46.     Plaintiff repeats and realleges the previous allegations set forth above with the same force and effect as if set forth fully herein.

47.    Defendant's use of its Name Marks, Certification Marks, .COM and .US Domains, and/or Social Media Presence in connection with certification programs and services intentionally passes off these services as those of Plaintiff in violation of 6 *Del. C.* § 2532(a)(1).

48.    Defendant's use of its Name Marks, Certification Marks, .COM and .US Domains, and/or Social Media Presence in connection with certification programs and services is intended to and causes likelihood of confusion or of misunderstanding as to the source, sponsorship, approval, or certification of Defendant's certification programs and services in violation of 6 *Del. C.* § 2532(a)(2).

49.    Defendant's use of its Name Marks, Certification Marks, .COM and .US Domains, and/or Social Media Presence in connection with certification programs and services is intended to and causes likelihood of confusion or of misunderstanding as to affiliation, connection, or association with, or certification by, Plaintiff in violation of 6 *Del. C.* § 2532(a)(3).

50.    Defendant's intentional use of its Name Marks, Certification Marks, .COM and .US Domains, and/or Social Media Presence in connection with certification programs and services represents that goods or services have sponsorship, approval, characteristics, ingredients, uses, benefits, or qualities of Plaintiff that they do not have, or that Defendant has a sponsorship, approval, status, affiliation, or connection with Plaintiff that it does not have in violation of 6 *Del. C.* § 2532(a)(5).

51.    Defendant's intentional use of its Name Marks, Certification Marks, .COM and .US Domains, and/or Social Media Presence in connection with certification programs and services represents that Defendant's goods or services are of a particular standard, quality, or grade associated with Plaintiff in violation of 6 *Del. C.* § 2532(a)(7).

52.     As a result of Defendant's willful and exceptional acts as described in paragraphs 18-40 and 47-51, above, Plaintiff has been and will be damaged.

53.     Plaintiff's remedy at law is inadequate to prevent Defendant's continuing wrongful conduct.

## COUNT III: TORTIOUS INTERFERENCE

54.     Plaintiff repeats and realleges the previous allegations set forth above with the same force and effect as if set forth fully herein.

*Prospective Students*

55.     In view of Plaintiff's established Marks and position as a provider of educational and certification services in the industry, there is a reasonable probability that students seeking one or more of Plaintiff's well-known certifications, such as those defined by Plaintiff's Certification Marks as described in paragraphs 16-17 above, would seek instruction and/or certification from Plaintiff and/or one of Plaintiff's alliance partners.

56.     Defendant's intentional use of its Name Marks, Certification Marks, .COM and .US Domains, and/or Social Media Presence in connection with certification programs and services, and other acts communicating with students, instructors, and alliance partners currently offering Plaintiff's certifications demonstrates that Defendant has knowledge of these existing and prospective business relationships.

57.     Defendant's use of its Name Marks, Certification Marks, .COM and .US Domains, and/or Social Media Presence in connection with certification programs and services, and other acts communicating with students, instructors, and alliance partners constitutes intentional interference by Defendant with the probable relationship between a student seeking

one or more of Plaintiff's certifications and Plaintiff and/or between a student seeking one or more of Plaintiff's certifications and one or more of Plaintiff's alliance partners.

58.     Based on Defendant's intentional use of its Name Marks, Certification Marks, .COM and .US Domains, and/or Social Media Presence in connection with certification programs and services, prospective students have purchased instruction and/or certification services from Defendant and/or Defendant's alliance partners.

59.     As a result of Defendant's tortious interference with prospective business relations between prospective students and Plaintiff and/or Plaintiff's alliance partners, Plaintiff has suffered damages, including but not limited to lost dues, fees, and tuition.

60.     Plaintiff's remedy at law is inadequate to prevent Defendant's continuing wrongful conduct.

*Prospective Alliance Partners*

61.     In view of Plaintiff's established Marks and position as a provider of educational and certification services in industry, there is a reasonable probability that potential alliance partners seeking to provide instruction and certification related to one or more of Plaintiff's well-known certifications, such as those defined by Plaintiff's Certification Marks as described in paragraphs 16-17 above, would seek a business relationship with Plaintiff.

62.     Defendant's intentional use of its Name Marks, Certification Marks, .COM and .US Domains, and/or Social Media Presence in connection with certification programs and services, and other acts communicating with students, instructors, and alliance partners currently offering Plaintiff's certifications demonstrates that Defendant has knowledge of these existing and prospective business relationships.

63.     Defendant's use of its Name Marks, Certification Marks, .COM and .US Domains, and/or Social Media Presence in connection with certification programs and services, and other acts communicating with existing and potential alliance partners constitutes intentional interference by Defendant with the probable relationship between Plaintiff and a prospective alliance partner seeking to provide instruction related to one or more of Plaintiff's well-known certifications, such as those defined by Plaintiff's Certification Marks as described in paragraphs 16-17, above.

64.     Based on Defendant's intentional use of its Name Marks, Certification Marks, .COM and .US Domains, and/or Social Media Presence in connection with certification programs and services, potential alliance partners have licensed and purchased services from Defendant.

65.     As a result of Defendant's tortious interference with prospective business relations between potential alliance partners and Plaintiff, Plaintiff has suffered damages, including but not limited to lost dues, fees, and tuition.

66.     Plaintiff's remedy at law is inadequate to prevent Defendant's continuing wrongful conduct.

*Existing Alliance Partners*

67.     Plaintiff maintains numerous contractual relationships with alliance partners.

68.     Beginning in at least May 2024, Defendant knew about the existence of Plaintiff's alliance partnerships and contacted Plaintiff's alliance partners directly with the purpose of offering Defendant's certification services in direct competition with Plaintiff.

69.     Defendant's willful and deceptive use of its Name Marks, Certification Marks, .COM and .US Domains, and/or Social Media Presence in connection with certification

programs and services, and other acts communicating with existing alliance partners caused one or more of Plaintiff's existing alliance partners to enter into a contractual relationship with Defendant to provide certification services related to Defendant's Certification Marks which are confusingly similar to Plaintiff's.

70.     As a result of Defendant's acts, at least one of Plaintiff's existing alliance partners has established a contractual business relationship with Defendant.

71.     As a result of Defendant's acts, at least one of Plaintiff's alliance partners has breached its contract with Plaintiff by informing one or more students enrolled in Plaintiff's programs that the students have a choice between using Plaintiff's website (ipscmi.org) or Defendant's website (ipscmi.us) to take certification examinations.

72.     As a result of Defendant's tortious interference with existing contractual relationships, Plaintiff has suffered and will continue to suffer damages, including but not limited to lost dues, fees, and tuition.

73.     Plaintiff's remedy at law is inadequate to prevent Defendant's continuing wrongful conduct.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff respectfully requests that this Court enter full and final judgment in its favor and against Defendant:

A.     Declaring that Defendant's unlawful conduct is a false designation of origin, a false or misleading description of fact, or a false or misleading representation of fact, which is likely to cause confusion, or to cause mistake, or to deceive pursuant to Section 43(a) of the Lanham Act.  15. U.S.C. § 1125(a);

B.      Declaring that Defendant's unlawful conduct violates the Delaware Deceptive Trade Practices Act.  6 *Del. C.* §§ 2531-2536;

C.      Declaring that Defendant's unlawful conduct violates Plaintiff's rights under Delaware common law;

D.      Declaring that Defendant's unlawful conduct in violating Plaintiff's Marks is willful and/or exceptional;

E.      Ordering that Defendant, its officers, agents, servants, employees, representatives, parents, subsidiaries, affiliates, divisions, successor and assigns and all those persons or entities in active concert or participation with any of them who receive notice of the injunctive order, shall be permanently enjoined from using the mark, brand name or any other mark(s) or name(s) comprising or containing the terms "INTERNATIONAL PROCUREMENT AND SUPPLY CHAIN MANAGEMENT INSTITUTE", and/or "INTERNATIONAL PROCUREMENT & SUPPLY CHAIN MANAGEMENT INSTITUTE", and/or "IPSCMI" in any manner in connection with any and all operations of its business, including, without limitation, the sale, advertising, promotion or distribution of any of its services;

F.      Ordering that Defendant, its officers, agents, servants, employees, representatives, parents, subsidiaries, affiliates, divisions, successor and assigns and all those persons or entities in active concert or participation with any of them who receive notice of the injunctive order, shall be permanently enjoined from using the certification mark, brand name or any other mark(s) or name(s) comprising or containing the terms "CISCP", "CISCM", "CIPP", "CIPM", "CICCM", "CIPN", "CITLP", "CISM", "CIWIM", "CMPO", "PMPPC", and/or "CICM" in any manner in connection with any and all operations of its business, including, without limitation, the sale, advertising, promotion or distribution of any of its services;

G.       Ordering that Defendant, its officers, agents, servants, employees, representatives, parents, subsidiaries, affiliates, divisions, successor and assigns and all those persons or entities in active concert or participation with any of them who receive notice of the injunctive order, shall be permanently enjoined from operating websites and otherwise maintaining an electronic presence using the ipscmi.com and/or ipscmi.us domains in any manner in connection with any and all operations of its business, including, without limitation, the sale, advertising, promotion or distribution of any of its services;

H.       Ordering that Defendant, its officers, agents, servants, employees, representatives, parents, subsidiaries, affiliates, divisions, successor and assigns and all those persons or entities in active concert or participation with any of them who receive notice of the injunctive order, shall transfer ownership and control of Defendant's .COM and .US Domains at ipscmi.com and ipscmi.us to Plaintiff;

I.       Ordering that Defendant, its officers, agents, servants, employees, representatives, parents, subsidiaries, affiliates, divisions, successor and assigns and all those persons or entities in active concert or participation with any of them who receive notice of the injunctive order, shall transfer ownership and control of its accounts on the following online platforms: LinkedIn (as "IPSCMI Official" at https://www.linkedin.com/company/ipscmi-official), Twitter or X (as "IPSCMI" at https://twitter.com/ipscmi), and Facebook (as "IPSCMI" and "Ipscmi" at https://www.facebook.com/ipscmi.official) to Plaintiff;

J.       Ordering that Defendant shall deliver up for destruction all material (including, without limitation, all packaging, catalogs, advertisements, promotional materials, brochures, signs, displays and/or stationery) within its possession custody or control that uses Plaintiff's Marks or any other marks comprising "IPSCMI", "INTERNATIONAL PROCUREMENT AND

SUPPLY CHAIN MANAGEMENT INSTITUTE", "INTERNATIONAL PROCUREMENT &

SUPPLY CHAIN MANAGEMENT INSTITUTE", and/or Plaintiff's Certification Marks;

     K.     Ordering that Defendant shall file with the Court and serve upon Plaintiff, within

thirty (30) days after entry of final judgment, a report in writing and under oath setting forth in

detail the manner and form by which it has complied with the provisions set forth in paragraphs

E-J above;

     L.     Ordering Defendant to account to Plaintiff for all gains, profits and advantages

derived from its wrongful acts;

     M.     Awarding Plaintiff money damages for all of Defendant's profits arising from

Defendant's unlawful conduct;

     N.     Awarding Plaintiff money damages for any injury sustained by Plaintiff as a result

of Defendant's unlawful conduct;

     O.     Awarding Plaintiff treble damages for Defendant's willful and/or exceptional

conduct;

     P.     Awarding Plaintiff's reasonable attorney fees;

     Q.     Awarding Plaintiff the costs of this action; and

     R.     Granting Plaintiff such other and further relief as the Court deems just, equitable

and proper.

Dated: September 9, 2024

**SMITH KATZENSTEIN & JENKINS LLP**

*/s/ Daniel A. Taylor*
Neal C. Belgam (No. 2721)
Daniel A. Taylor (No. 6934)
1000 West Street, Suite 1501
Wilmington, DE 19801
(302) 652-8400
nbelgam@skjlaw.com
dtaylor@skjlaw.com

*Attorneys for Plaintiff International Purchasing
and Supply Chain Management Institute LLC*