IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| INTERNATIONAL PURCHASING AND SUPPLY CHAIN MANAGEMENT INSTITUTE LLC, <br><br> Plaintiff, <br><br> v. <br><br> INTERNATIONAL PROCUREMENT AND SUPPLY MANAGEMENT INSTITUTE LLC, <br><br> Defendant. | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) C.A. No. 24-1018-CFC |

## **CLERK'S TAXATION OF COSTS**

Pursuant to the Default Judgment and Order of Injunction (D.I. 20) entered on January 16, 2025 by the Honorable Colm F. Connolly, final judgment was entered in favor of International Purchasing and Supply Chain Management Institute LLC ("Plaintiff") and against International Procurement and Supply Management Institute LLC ("Defendant"). The Judgment was entered following a hearing on Plaintiff's motion for default judgment on the same date. Plaintiff is the prevailing party in this matter.

District of Delaware Local Rule (LR) 54.1 (as amended effective August 1, 2016) provides that the Clerk may tax costs in favor of the prevailing party. Plaintiff's bill of costs (D.I. 21) was filed on January 30, 2025. Plaintiff filed an Amended Bill of Costs (D.I. 22) on January 31, 2025. Plaintiff requests that the Clerk tax costs against Defendant in the amount of $1,365.79.

The Clerk finds the bill of costs to be timely.

THEREFORE, IT IS ORDERED, that:

I.     The entire bill of costs is **GRANTED IN PART AND DENIED IN PART.**

II.     As to **each request,** the Clerk makes the following findings:

       1)     Plaintiff must show compliance with Local Rule 54.1(a)(2), which states: "The bill of costs ***shall clearly describe each item of cost*** and comply with the provisions of 28 U.S.C. § 1924." (emphasis added). Plaintiff must "clearly describe" each item in a manner that permits the Clerk to determine the reasonableness and necessity of each request.

    2)      The Court or Clerk *may* tax costs in accordance with 28 U.S.C. § 1920. Section 1920 is broader in scope than Local Rule 54.1. Any resolution of a dispute regarding whether or not costs were necessarily incurred, and therefore taxable under § 1920, is a discretionary matter for resolution by the Court.

**III.**    The Clerk makes **additional findings,** regarding specific items, as follows:

    **A)**     **Fees of the Clerk**

         1)      Title 28 U.S.C. § 1920 states in pertinent part, "A judge or clerk of any court of the United States may tax as costs the following: (1) Fees of the clerk and marshal."

         2)      Plaintiff requests reimbursement of $405.00 in fees of the Clerk for the filing fee paid for the complaint.

         3)      The request for fees of the Clerk is **GRANTED** in the amount of $405.00.

    **B)**     **Fees for Service of Summons and Subpoena**

         1)      Plaintiff seeks reimbursement of $154.60 in fees for service of summons and subpoena. According to the proof of service filed on the docket, service of process was completed by a private process server.

         2)      Although Local Rule 54.1 does not specifically address the taxing of these costs, Title 28 U.S.C. § 1920(1) provides that the Clerk may tax fees of the marshal as costs. Title 28 U.S.C. § 1921(a)(1)(B) provides that marshal's fees regarding the "serving of a subpoena or summons . . ." is taxable.

         3)      Although service of process was made by a private process server, the Clerk finds the statute provides a sufficient basis for taxing certain fees requested by Plaintiff for the actual service of summons and subpoena.

         4)      Accordingly, the request is **GRANTED** in the amount of $154.60.

    **C)**     **Other Costs**

         1)      Plaintiff submits an itemized list of "other costs" to be reimbursed. According to Local Rule 54.1(b)(11) "Claims for costs other than those specifically mentioned in the preceding paragraphs of subpart (b) of this Rule ordinarily will not be allowed, unless the party

      claiming such costs substantiates the claim by reference to a statute or binding court decision."

2) The costs Plaintiff seeks in this section include Pacer Service fees and Westlaw Research fees. These fees are not listed as items taxable as costs under the Local Rules or under Title 28 U.S.C. § 1920.

3) Plaintiff's request for other costs, in the amount of $806.19 is **DENIED**.

## IV. Conclusion

The Clerk finds, for all the reasons stated herein, that Plaintiff's request for costs in the total amount of $1,365.79 is **GRANTED IN PART AND DENIED IN PART.**

The total costs hereby taxed in favor of Plaintiff and against Defendant together with interest and the applicable post-judgment rate specified in 28 U.S.C. § 1961 (as amended 1982), are as follows:

1. Fees of the Clerk.................................................................$405.00
2. Fees for Service of Summons and Subpoena..............................$154.60
3. Other Costs.......................................................................DENIED

    **TOTAL**.................................................................................**$559.60**

Dated: June 17, 2025

                                          Randall Lohan, Clerk
                                          United States District Court
                                          for the District of Delaware

                        By:       /s/ Nicole Fasano
                                   Deputy Clerk

cc:    Honorable Colm F. Connolly, Chief Judge
        Neal C. Belgam, Esquire
        Daniel Taylor, Esquire
        Robert J. Katzenstein, Esquire
        Randall Lohan, Clerk